UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID SORIA, M.D. AND<br>DAVID DARRIGAN, D.O., § § § § § | | |
| *Plaintiffs*, | § | |
| v. | § § § | Civil Action No. 3:24-CV-0005-X |
| JOHN RUTLEDGE, TONY<br>BRININGSTOOL & ANDY<br>MCQUEEN, | § § § § § | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are a whole bunch of motions: (1) a motion from defendants Tony Briningstool and Andy McQueen to transfer the case to Delaware (Doc. 2); (2) a motion to dismiss for failure to state a claim (Doc. 9); (3) a motion from defendant APP Holdco LLC (APP Holdco) to join the original motion to transfer (Doc. 18); (4) a motion from the plaintiffs to remand to state court (Doc. 21); (5) a motion to stay proceedings pending resolution of subject matter jurisdiction (Doc. 23); (6) a motion from defendant John Rutledge to join the original motion to transfer (Doc. 29); (7) a motion from Rutledge to join the motion to dismiss (Doc. 30); and (8) a motion for leave to file an amended notice of removal (Doc. 32). Having considered the parties' arguments and the applicable caselaw, the Court:

- **FINDS AS MOOT** APP Holdco's motion to join the transfer motion—because the plaintiffs have now nonsuited APP Holdco (Doc. 18);

1

- **FINDS AS MOOT** the motion for leave to amend the notice of removal—because the nonsuit of APP Holdco created diversity and the remaining defendants filed their amended removal notice within 30 days of the nonsuit (Doc. 32);

- **DENIES** the motion for remand because the Court has diversity jurisdiction (Doc. 21);

- **GRANTS** Rutledge's motion to join the transfer motion (Doc. 29);

- **GRANTS** the motion to transfer to Delaware (Doc. 2);

- **GRANTS** Rutledge's motion to join the motion to dismiss (Doc. 30);

- **DENIES WITHOUT PREJUDICE** the motion to dismiss, which the defendants may refile in the transferee court subject to any then-applicable rules (Doc. 9); and

- **DENIES** the motion to stay (Doc. 5).

Accordingly, the Court **TRANSFERS** this action to the United States District Court for the District of Delaware. But the Court **ADMINISTRATIVELY STAYS** the transfer for 21 days to allow for Fifth Circuit review of this out of circuit transfer.

# I. Background

Soria owned 11 companies that provide emergency room services and Darrigan was the medical director for one of those companies. Soria and Darrigan allege that Rutledge, Briningstool, and McQueen induced them to agree for: (1) Soria to transfer his 11 companies to APP Holdco in exchange for what Soria understood to be a $29.25 million equity stake in APP Holdco, and (2) Darrigan to move to Texarkana to bring

an emergency room into the APP Holdco portfolio in exchange for a share in the profits. Instead, Soria and Darrigan allege the defendants presented false financials, put the corporate debt on the books of APP Holdco, and funneled the profits to themselves.

Soria and Darrigan sued the defendants and APP Holdco in state court. Briningstool and McQueen removed the case, initially on grounds of relatedness to a then-pending bankruptcy proceedings. And the parties filed the motions addressed above, and the plaintiffs nonsuited App Holdco.

### III. Analysis

The Court has no power to hear a case unless it has subject-matter jurisdiction. As a result, the Court addresses the motion to amend the notice of removal first, as it implicates the Court's jurisdiction.

### A. Removal

Briningstool and McQueen removed this case initially due to the relatedness of this suit to a then-pending bankruptcy matter. APP Holdco and Rutledge were also defendants. On February 20, 2024, the plaintiffs nonsuited their claims against APP Holdco without prejudice. Then, Briningstool, McQueen, and Rutledge (the three remaining defendants) moved to amend the notice of removal to add diversity jurisdiction as a basis for removal (because APP Holdco had been destroying diversity until it was nonsuited). And after that, on March 7, 2024, Briningstool, McQueen, and Rutledge filed an amended notice of removal (without a motion for leave).

3

Under 28 U.S.C. § 1446(b)(3), a party must file a notice of removal within 30 days of the case becoming removable.[1]  Even assuming for the sake of argument bankruptcy relatedness wasn't a viable removal option, the nonsuiting of APP Holdco was within 30 days of the defendants' amended removal.  Nonsuiting APP Holdco was a voluntary act of the plaintiffs.[2]  The plaintiffs contend the nonsuit without prejudice is not final and does not qualify as a voluntary act.  But the caselaw makes no such distinction.  The issue is whether the nondiverse party is out of the case due to a voluntary act of the plaintiffs or an involuntary act (like a court ruling).  The plaintiffs' nonsuit of APP Holdco was a voluntary act.  And that act created complete diversity because APP Holdco is a limited liability company, who had a member that was a citizen of Texas (preventing removal on diversity grounds under the forum defendant removal rule).[3]  Because there is now diversity jurisdiction and the defendants were free to amend the notice of removal within 30 days, no motion for leave was needed.[4]  The Court finds the motion for leave moot and the Court has diversity jurisdiction.

---

[1] 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

[2] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), as revised (Aug. 23, 2019) ("[W]here the case is not removable because of joinder of defendants," only "the voluntary dismissal or nonsuit by [the plaintiff] of a party or of parties defendant" can convert a nonremovable case into a removable one." (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918))).

[3] *See* 28 U.S.C. § 1441 ("A civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

[4] The plaintiffs also argue Rutledge was not on the original removal and could not join in the amended notice.  But plaintiffs cite no law for their argument.  And the Court concludes that 28 U.S.C.

4

### B. Remand

Now that the Court has determined it has subject matter jurisdiction because of diversity, the Court must necessarily conclude that remand to state court is inappropriate.

### C. Transfer

As an initial matter, the Court grants Rutledge's motion to join the transfer motion and finds as moot APP Holdco's motion to join because APP Holdco is now out of the case. The transfer motion from all remaining defendants argues for transfer to federal court in Delaware because of mandatory forum selection clauses in a couple of the agreements at issue here. The plaintiffs argue they aren't signatories to those agreements. The defendants respond that the signatories are closely related parties to the agreement that are bound by the forum selection clause under applicable Delaware law. The Court agrees with the defendants.

First for some background on transfer, under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) authorizes parties to a contract to enforce forum-selection clauses via a motion to transfer.[5] Forum-selection clauses are presumptively valid and enforceable unless the opposing party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or

---

§ 1446(b)(3) controls and allowed the defendants to file a removal within 30 days of APP Holdco's dismissal. That right has nothing to do with the original notice of removal.

[5] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

5

overreaching."[6]  A valid forum-selection clause will control where the parties litigate disputes in all but the most exceptional cases.[7]

Under Delaware law, which the parties argue applies to this dispute, there are two steps of analysis to determine whether nonsignatories must abide by a forum selection clause.  The first step is whether the nonsignatory embraced, directly benefitted from, or is closely related to a party to the agreement.[8]  The idea behind compelling a nonsignatory to the forum in the agreement is that the nonsignatory cannot embrace a contract and then turn its back on the forum selection clause.[9] Under this first step, the Delaware Supreme Court has held that "officers and directors . . . have standing to invoke the Forum Selection Provision as parties closely related to one of the signatories such that the non-party's enforcement of the clause is foreseeable by virtue of the relationship between the signatory and the party sought to be bound."[10]  But indirect benefits like being a shareholder do not qualify as direct benefits.[11]  The second step is that, "if the claims against the party arise

---

[6] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) (noting that forum-selection clauses are presumptively valid even absent arm's-length bargaining).

[7] *Atl. Marine Constr. Co.*, 571 U.S. at 63.

[8] *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 629–30 (D. Del. 2015).

[9] *Id.* at 629.

[10] *Ashall Homes Limited v. ROK Entertainment Group Inc.*, 992 A.2d 1239, 1249 (Del. 2010) (cleaned up).

[11] *Phunware*, 117 F. Supp. 3d at 630.

from its status related to the agreement," then the forum specified in the clause has personal jurisdiction over the closely related party.[12]

Here, the gist of the live complaint is that the defendants duped the plaintiffs into thinking APP Holdco was and would be solvent, but it wasn't solvent and the defendants never intended it to be. So the plaintiffs brought tort claims (like fraud) in connection with the valuation of APP Holdco. As to Soria, he claims owned 11 companies he transferred to APP Holdco in exchange for a significant equity stake in APP Holdco he believed to be worth $29.25 million. And he signed the Purchase Agreement.

As to Darrigan, he was the chief medical officer of one of the companies and claims he moved to Texarkana to bring an emergency room facility into APP Holdco in exchange for a share in profits he never received. He seeks the value of his equity interest at $280,000 and relocation costs of $250,000. So Darrigan wanted the defendants to abide by the Purchase Agreement, but because it was built on a lie, Darrigan sued for fraud.

> Section 9.12(b) of the Purchase Agreement provides:
>
> Each of the Parties irrevocably agrees that any legal action or proceeding with respect to this Agreement or for recognition and enforcement of any judgment in respect hereof shall be brought and determined in the United States federal courts located in the State of Delaware, or if such legal action or proceeding may not be brought in such court for jurisdictional purposes, in the state courts of Delaware. Each of the parties hereby (i) irrevocably submits with regard to any such action or proceeding to the exclusive personal jurisdiction of the aforesaid courts in the event any dispute arises out of this Agreement or any Contemplated Transaction and waives the defense of sovereign

---

[12] *Id.*

immunity, (ii) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from any such court or that such action is brought in an inconvenient forum and (iii) agrees that it shall not bring any action relating to this Agreement or any Contemplated Transaction in any court other than any Delaware state or federal court sitting in Delaware.[13]

Applying Delaware law to these facts, the Court concludes that the defendants can enforce the forum selection clause against the plaintiffs. As to the defendants and their standing to enforce, McQueen was a signatory for APP Holdco.[14] The Court believes the defendants can enforce the forum selection clause.

As to enforcing the clause against Soria, he signed the Purchase Agreement. His signatures make sense, as he was owner, president, and CEO of the 11 companies he was transferring to APP Holdco in exchange for equity in APP Holdco. And these claims arise from Soria's status related to the agreement because he wants the equity value he was allegedly promised when entering into the agreement.[15] This is sufficient to hold him to the forum selection clause in the agreement he signed.

As to enforcing the clause against Darrigan, the defendants argue he is: (1) closely related to the parties to the Purchase Agreement because he "agreed to the terms" of that agreement; (2) received a direct benefit because he alleged in the complaint that defendants promised Darrigan he would receive a percentage of the profits from an acquisition in Texarkana; (3) is closely related because he helped

---

[13] Doc. 3-1 at 71–72.

[14] Rutledge and Briningstool were not signatories. The Court's options are to either transfer only claims against McQueen to Delaware and leave claims against Rutledge and Briningstool here or transfer the whole case to Delaware. The Court concludes transferring the entire case favors judicial economy and consistent results. And transferring only the claims against McQueen could tee up a fight over whether Texas courts have personal jurisdiction over Rutledge and Briningstool.

[15] *Id.*

negotiate the Purchase Agreement; (4) is closely related as an officer of 1 of the 11 companies transferred under the Purchase Agreement; and (5) is closely related as a person who helped negotiate the agreement.  The full allegation Darrigan makes in the live complaint is:

> In 2020, John Rutledge, Tony Briningstool, and Andy McQueen told Plaintiff Darrigan that he could make additional money by securing a contract of a Texarkana hospital for additional into the APP scheme. The Defendants promised Darrigan he would receive a percentage of the profits from that contract in return.  Plaintiff Darrigan moved to Texarkana, helped secure that contract for APP, but was never paid any additional funds out of those profits

and never received the equity he was promised in exchange.[16]  So Darrigan wanted the defendants to abide by the Purchase Agreement, but because it was built on a lie, Darrigan sued for fraud.  The Court concludes these facts, along with his status as an officer of a company that was a party and his assistance in helping negotiate the agreement, are consistent with Darrigan embracing the Purchase Agreement and suing over his failure to receive a direct monetary benefit under the agreement. Accordingly, under Delaware law, the Court must apply the forum selection clause to Darrigan.

The Court must also briefly address the public interest factors, even though the plaintiffs didn't.[17]  Those factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and

---

[16] Doc. 1 at 31, 33.

[17] Because the forum selection clause is mandatory, the private interest factors don't apply. *Atl. Marine Constr. Co., Inc.*, 571 U.S. at 64.

(4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.[18]

Here, docket congestion exists in both courts but carries little weight. And the relevant agreements are governed by Delaware law. As a result, the public interest factors cut in favor of Delaware, and transfer to United States District Court for the District of Delaware is appropriate.[19]

### D. Motions to Dismiss and Stay

Three motions remain. The Court grants Rutledge's motion to join the motion to dismiss and then denies without prejudice the motion to dismiss. The defendants may refile in the transferee court subject to any then-applicable rules. Finally, the Court denies the motion to stay the litigation pending a resolution of subject matter jurisdiction.

### IV. Conclusion

For the foregoing reasons, the Court **FINDS AS MOOT** APP Holdco's motion to join the transfer motion; **FINDS AS MOOT** the motion for leave to amend the notice of removal; **DENIES** the motion for remand; **GRANTS** Rutledge's motion to join the transfer motion; **GRANTS** the motion to transfer to Delaware; **GRANTS** Rutledge's motion to join the motion to dismiss; **DENIES WITHOUT PREJUDICE** the motion to dismiss; and **DENIES** the motion to stay.

---

[18] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

[19] The defendants also argue transfer is appropriate under 28 U.S.C. § 1412, known as a forum non conveniens transfer. The Court need not reach this issue because it concludes transfer is appropriate under 28 U.S.C. § 1404.

10

Accordingly, the Court **TRANSFERS** this action to the United States District Court for the District of Delaware.  But the Court **ADMINISTRATIVELY STAYS** the transfer for 21 days to allow for Fifth Circuit review of this out of circuit transfer.

**IT IS SO ORDERED** this 20th day of May, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE